IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SUSAN JOHNSON,

    Plaintiff,

v.

OREGON DEPARTMENT OF REVENUE,
a political subdivision of the State of
Oregon, and NIA RAY, Director of the
Oregon Department of Revenue,
individually, and as an agent of the Oregon
Department of Revenue,

    Defendant.

Case No. 6:19-cv-01659-MC

OPINION AND ORDER

MCSHANE, Judge:

    Plaintiff Susan Johnson brings this suit alleging wrongful discharge against Defendant Oregon Department of Revenue ("DOR") and violation of Plaintiff's procedural and substantive due process rights against Defendant Nia Ray. Pl.'s Compl. ¶ 25–51, ECF No. 1. Defendants move to dismiss Plaintiff's claims with prejudice pursuant to Fed. R. Civ. P. 12(b)(1).[1] Defs.' Am. Mot. 1–2, ECF No. 12. Because Plaintiff has failed to identify a clearly established liberty interest in continued employment at DOR and exhaust her contract remedies, Plaintiff's

---

[1] Plaintiff also brought then voluntarily dismissed her claims for violation of her procedural and substantive due process rights against DOR and intentional interference with economic relations against Ms. Ray. Pl.'s Resp.1 and 5, ECF No. 13.

substantive due process claim is dismissed with prejudice and wrongful discharge claim is dismissed without prejudice. Because Plaintiff's procedural due process claim is plausible on its face, Defendants' Motion is DENIED as to that claim.

## BACKGROUND[2]

While working at the real estate division of a Wells Fargo branch in Sacramento in 1979, Plaintiff transferred $8,000 from idle escrow accounts to her personal bank account. Pl.'s Compl. ¶ 9–10. Plaintiff used the money to evade her abusive ex-husband and take her son to Oregon. *Id.* at ¶ 10. Once safe, Plaintiff turned herself in to the Federal Bureau of Investigation in Portland. *Id.* at ¶ 11. On October 26, 1981, Plaintiff plead guilty to one charge of embezzlement by a bank employee. *Id.* Plaintiff does not have any subsequent criminal history. *Id.* at ¶ 13.

Plaintiff began working at DOR nearly twenty years after her conviction. She worked at DOR for more than twenty years. *Id.* at ¶ 15. DOR promoted Plaintiff to an Information System Specialist ("ISS") position, which gave her access to confidential taxpayer information and required her to process two to three million dollars per day in electronic funds transfers. *Id.* at ¶ 15–16. In 2016, DOR started doing fingerprint-based background checks on all employees with access to sensitive taxpayer information. *Id.* at ¶ 18. DOR requested a background check on Plaintiff on June 23, 2017 and November 8, 2017. *Id.* After Plaintiff's embezzlement conviction surfaced, Ms. Ray, Director of DOR, determined that the public and DOR's federal partners:

> [M]ight be concerned knowing the Department retained an employee after learning she had a prior felony conviction for a financial crime, and that there was no identifiable passage of time after commission of a financial crime that would be sufficient to mitigate the effects of such a crime for a fitness determination with the DOR.

---

[2] At the motion to dismiss stage, this Court takes all of Plaintiffs' allegations as true. *See Burget v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000).

*Id*. at ¶ 22. On November 30, 2017, DOR issued a Fitness Determination and Notification explaining that Plaintiff was unfit to continue work as an ISS. *Id*. at ¶ 23.

The parties appeared before the Office of Administrative Hearings on May 23, 2018 to determine whether DOR correctly performed the final fitness determination. *Id*. at ¶ 28. The ALJ found that DOR failed to adequately consider intervening factors as required by ORS 181A.195(10)(c) and OAR 125-007-0260 and failed to correctly perform Plaintiff's final fitness determination. *Id*. at ¶ 29. The ALJ issued a Proposed Order requiring DOR to set aside the Fitness Determination and Layoff Notification. *Id*. at ¶ 30. DOR rejected the Proposed Order. *Id*. at ¶ 31.

## STANDARD OF REVIEW

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

When considering a motion to dismiss, the court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-movant, *Burget v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000), but the court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555. If the complaint is dismissed, leave to amend should be granted unless the court "determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

# DISCUSSION

## I. Substantive and Procedural Due Process Claims

Plaintiff alleges that Ms. Ray violated her substantive due process right to continued employment, privacy, and pursuit of livelihood. Pl.'s Compl. ¶ 38.

Substantive due process "forbids the government from depriving a person of life, liberty, or property in such a way that 'shocks the conscience' or 'interferes with rights implicit in the concept of ordered liberty.'" *Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998) (quoting *United States v. Salerno*, 481 U.S. 739, 746 (1987)); *see also Daniels v. Williams*, 474 U.S. 327, 331 (1986) (explaining that substantive due process protects against government power arbitrarily and oppressively exercised). To sustain a substantive due process claim, a plaintiff must show that she had a constitutionally protected liberty or property interest. *Wedges/Ledges of Cal., Inc. v. City of Phoenix*, 24 F.3d 56, 62 (9th Cir. 1994). Most courts have rejected the notion that substantive due process protects the right to a particular public employment position, and the Ninth Circuit has yet to decide the issue. *Engquist v. Oregon Dept. of Agric.*, 478 F.3d 985, 996–97 (9th Cir. 2007).

There is a generalized due process right to choose one's field of private employment. *Conn v. Gabbert*, 526 U.S. 286, 291–92 (1999). One has a protected liberty interest in pursuing an occupation of her choice. *See Dittman v. Cal.*, 191 F.3d 1020, 1029–30 (9th Cir. 1999). A plaintiff can sustain a substantive due process claim if she is unable to pursue an occupation due to government actions that were arbitrary and lacking a rational basis. *Sagana v. Tenorio*, 384 F.3d 731, 742–43 (9th Cir. 2004). Here, Plaintiff alleges that Ms. Ray's actions barred her from positions within DOR dealing with sensitive taxpayer information, not other positions within DOR. Because Plaintiff does not have a constitutionally protected liberty or

property interest in her ISS position specifically, Defendants' Motion is granted with respect to Plaintiff's substantive due process claim.

Plaintiff also asserts that Ms. Ray violated her procedural due process right in rejecting the Office of Administrative Hearings' Proposed Order to set aside the fitness determination. Pl.'s Compl. ¶ 31. The Fourteenth Amendment protects against the deprivation of property or liberty without due process. *Brady v. Gebbie*, 859 F .2d 1543, 1547 (9th Cir. 1988). A § 1983 claim based upon the deprivation of procedural due process has three elements: (1) a liberty or property interest protected by the Constitution; (2) deprivation of the interest by the government; and (3) lack of process. *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993). A plaintiff has a protected property interest if she has a legitimate claim of entitlement to continued employment. *See Brady*, 859 F.2d at 1547–48. A legitimate claim of entitlement arises if it is created by existing rules or understandings that stem from an independent source, such as state law. *Id.* at 1548. A statute, rule, or contract may also confer the property interest. *Trivoli v. Multnomah County Rural Fire Protection Dist. No. 10*, 703 P.2d 285, 287 (Or. App. 1985). Here, Plaintiff's employment contract with DOR created a protected property interest. Ms. Ray deprived Plaintiff of this interest when she terminated Plaintiff. Ms. Ray's rejection of the Office of Administrative Hearings' Proposed Order to set aside the fitness determination demonstrates a lack of process from which the Court can infer liability.

Ms. Ray asserts that she is entitled to qualified immunity. Defs.' Am. Mot. 5–6. The Court disagrees. Qualified immunity applies when a government official's conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *White v. Pauly*, 137 U.S. 548, 551 (2017). There are two prongs to analyzing qualified immunity: (1) whether the officer violated plaintiff's constitutional rights; and (2)

whether the rights were "'clearly established' at the time of the violation." *Tolan v. Cotton*, 572 U.S. 650, 655–56 (2014) (citation omitted). These prongs may be evaluated in any order. *Id.* "'[E]xisting precedent must have placed the statutory or constitutional question beyond debate.'" *White*, 137 U.S. at 551 (citations omitted, brackets in original). Put differently, immunity protects "'all but the plainly incompetent or those who knowingly violate the law.'" *Id.* (citation omitted). It is well established that the state may not deprive a person of life, liberty, or property without "notice and opportunity for hearing appropriate to the nature of the case." *Mullane v. Central Hanover Bank & Tr. Co.*, 339 U.S. 306, 313 (1950). An appropriate hearing is one that is provided "at a meaningful time and in a meaningful manner." *Armstrong v. Manzo,* 380 U.S. 545, 552 (1965); *see also State ex rel. Juv. Dept. v. Geist*, 796 P.2d 1193 (Or. 1990).

Here, Ms. Ray rejected the Office of Administrative Hearings' Proposed Order to set aside the fitness determination and refused to consider the intervening factors in this matter as required by ORS 181A.195(10)(c) and OAR 125-007-0260. *See* Pl.'s Compl. ¶ 29–31. Ms. Ray's disregard for the Office's recommendation and her duty to take the intervening factors into account demonstrate that Plaintiff was not provided a hearing in a meaningful manner. Defendants' Motion is denied with respect to Plaintiff's procedural due process claim.

## II. Wrongful Discharge Claim

Plaintiff alleges that DOR violated her employment contract and dismissed her without just cause. Pl.'s Compl. ¶ 51. This Court lacks subject matter jurisdiction over this claim because it is preempted by the Public Employees Collective Bargaining Act ("PECBA"), Or. Rev. Stat. § 243.005–974 *et seq.* (2020).

"The purpose and policy underlying PECBA is that public employers and public employees resolve their disputes through resort to collective bargaining when there is a

collective bargaining agreement." *Shockey v. City of Portland*, 837 P.2d 505, 508 (Or. 1992). Under PECBA, it is an unfair labor practice to "[v]iolate the provisions of any written contract with respect to employment relations." Or. Rev. Stat. § 243.672(1)(g). The Employment Relations Board is authorized to investigate, hear, and resolve unfair labor practice claims. Or. Rev. Stat. § 243.676. Because Plaintiff's wrongful discharge claim is based on a violation of her employment contract, it falls squarely within the Employment Relations Board's jurisdiction.

Plaintiff argues that this Court has subject matter jurisdiction based on *Shockey*. *See* 837 P.2d 505. In *Shockey*, the court decided that the plaintiff's wrongful discharge claim did not "thwart the act's intent that disputes first be resolved through resort to contract remedies." 837 P.2d at 509. The plaintiff in *Shockey*, however, "successfully exhausted his contract remedies" prior to bringing his claim for wrongful discharge. *Id.* Here, Plaintiff has not exhausted her contract remedies. Defs.' Am. Mot. 8. This Court, therefore, lacks subject matter jurisdiction over Plaintiff's wrongful discharge claim. Defendants' Motion is granted with respect to Plaintiff's wrongful discharge claim.

## CONCLUSION

Defendants' Amended Motion to Dismiss, ECF No. 12, is GRANTED in part and DENIED in part, consistent with this opinion. Plaintiff's substantive due process is dismissed with prejudice. Plaintiff's wrongful discharge claim is dismissed without prejudice. Plaintiff's procedural due process claim may proceed.

IT IS SO ORDERED.

DATED this 28th day of April, 2020.

                                                   _s/Michael J. McShane_____
                                                          Michael J. McShane
                                                     United States District Judge