IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SUSAN JOHNSON,

        Plaintiff,

    v.

OREGON DEPARTMENT OF REVENUE,
a political subdivision of the state of Oregon,
and NIA RAY, Director of the Oregon
Department of Revenue, individually, and as
an agent of the Oregon Department of Revenue,

        Defendants.

Case No. 6:19-cv-01659-MC

OPINION AND ORDER

MCSHANE, Judge:

Plaintiff Susan Johnson had worked for Defendant Oregon Department of Revenue ("DOR") for twenty years when they decided to conduct a background check on her. This revealed a transgression from 36 years prior. Specifically, while working at Wells Fargo, Plaintiff had once transferred money from idle escrow accounts to her own bank account in order to flee an abusive ex-husband. On April 28, 2020, this Court issued an Order dismissing Plaintiff's substantive due process and wrongful discharge claims. Defendants now move for summary judgment against the remaining substantive due process claim, as well as the amended wrongful discharge claim. Defs.' Mot., ECF No. 20. Because Plaintiff received the

1 – OPINION AND ORDER

constitutionally required minimal process and failed to take advantage of the additional process available to her, Defendants' motion is GRANTED as to the procedural due process claim.[1] Because amendment did not cure the preemption issue previously ruled on by the court, Plaintiff's wrongful discharge claim is dismissed.

## BACKGROUND[2]

A detailed rendering of the facts of this case is set forth in the Opinion and Order granting in part Defendants' Motion to Dismiss. *See* Op. and Order 2-3, ECF No. 15. For the purposes of this Opinion and Order, the notable facts are incorporated into the discussion below.

## STANDARDS

The court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). An issue is "genuine" if a reasonable jury could return a verdict in favor of the non-moving party. *Rivera v. Phillip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is "material" if it could affect the outcome of the case. *Id.* The court reviews evidence and draws inferences in the light most favorable to the non-moving party. *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 988 (9th Cir. 2006) (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)). When the moving party has met its burden, the non-moving party must present "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (quoting Fed. R. Civ. P. 56(e)).

---

[1] The Court has reviewed Plaintiff's proposed Second Amended Complaint, Pl's Mot. Ex. 1, ECF No. 23. The amendment does not change the Court's analysis, as it does not add any additional facts nor does it provide any additional arguments that are not addressed in both Defendants' Motion to Dismiss and this Opinion and Order.
[2] The Court views the facts in the light most favorable to Plaintiff.

## DISCUSSION

### I.  Procedural Due Process Claim

Plaintiff alleges that her termination and Defendants' rejection of the ALJ's order of reinstatement violated her procedural due process rights. To prevail on these claims, Plaintiff must establish: "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (3) lack of process." *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993). "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (internal quotations and citation omitted). A legitimate claim of entitlement to continued employment can be a protected property interest. *See Brady v. Gebbie*, 859 F.2d 1543, 1547–48 (9th Cir 1988). Due process "requires 'some kind of a hearing' prior to the discharge of an employee who has a constitutionally protected property interest in his employment." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) (citation omitted). "The tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story. To require more than this prior to termination would intrude to an unwarranted extent on the government's interest in quickly removing an unsatisfactory employee." *Id*. at 546 (internal citations omitted).

Assuming that Plaintiff has identified a protected property interest in her continued employment, Plaintiff received constitutionally sufficient process. She received the written Fitness Determination and Layoff Notification that was "based on [her] conviction of Embezzlement." Henry Decl. Ex. 4, at 1, ECF No. 22. In this Fitness Determination and Layoff Notification, Plaintiff was informed of her right to a hearing before the decision became final. *Id*. at 1–2. At the contested case hearing, Plaintiff was represented by counsel, offered evidence, and

3 – OPINION AND ORDER

had the opportunity to cross-examine witnesses. FAC ¶27. The ALJ's proposed order did find that Defendants had "failed to correctly perform the final fitness determination." Ray Decl. Ex. 1, at 7, ECF No. 21. However, when rejecting the ALJ's proposed order, DOR explicitly addressed the factors laid out in ORS 181A.195(10)(c) in their amended proposed order. Ray Decl. Ex. 2, at 8–9. Plaintiff then had the opportunity to file exceptions to this order. DOR addressed each exception but maintained their position in the Final Order. Ray Decl. Ex. 3. Plaintiff received notice and an explanation of DOR's decision. Plaintiff had an opportunity to present her side of the story as well as her objections to the final order. DOR addressed all the statutorily required factors and Plaintiff's field exceptions. However misguided their decision, Defendants provided Plaintiff with the constitutionally required minimum due process. To the extent that Plaintiff argues that DOR made the wrong decision, that argument fails. "The Due Process Clause of the Fourteenth Amendment is not a guarantee against incorrect or ill-advised personnel decisions." *Bishop v. Wood*, 426 U.S. 341, 350 (1976). Unfortunately for the Plaintiff, who by all accounts worked competently for DOR for two decades, the Constitution does not require a fair decision.

Further, ORS 183.482 provides for judicial review of contested cases by the Oregon Court of Appeals. The Final Order gave Plaintiff notice of this statutory right to appeal. Ray Decl. Ex. 3, at 5. Plaintiff declined to take advantage of this additional procedural protection. Defs.' Mot. 9, ECF No. 20. As Plaintiff received multiple opportunities to be heard and did not take advantage of all the process available to her, her procedural due process claim fails.

## II. Wrongful Discharge Claim

This Court previously held that it lacks subject matter jurisdiction over Plaintiff's wrongful discharge claim, as it is preempted by the Public Employees Collective Bargaining Act

4 – OPINION AND ORDER

("PECBA"). Op. & Order 6. Plaintiff's First Amended Complaint makes very few changes, reorganizing facts and adding three additional paragraphs to assert that Plaintiff was a "fair share" employee, that her claim is not pre-empted by PECBA, and that the claim does not depend on a determination by the Employment Relations Board. FAC ¶¶ 42–44. Plaintiff's conclusory statements add no additional facts to change the Court's analysis. As this Court noted, "Because Plaintiff's wrongful discharge claim is based on a violation of her employment contract, it falls squarely within the Employment Relations Board's jurisdiction." Op. & Order 7. Plaintiff still has not exhausted her contract remedies and this Court still lacks subject matter jurisdiction over Plaintiff's wrongful discharge claim.

## CONCLUSION

Plaintiff's Motion for Leave to Amend, ECF No. 23 is GRANTED, but Plaintiff's wrongful discharge claim is dismissed and Defendants' Motion for Summary Judgment, ECF No. 20, is GRANTED.

IT IS SO ORDERED.

DATED this 20th day of October, 2020.

_____/s/ Michael J. McShane_____
Michael McShane
United States District Judge